IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD B. LISTER, individually and on behalf of a class of similarly situated persons, | )<br>)<br>)<br>) |
| Plaintiff(s), | )<br>) |
| v. | )  Case No. CIV-19-1092-D<br>) |
| RTR ENVIRONMENTAL, LLC, | )<br>) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Strike Certain Affirmative Defenses [Doc. No. 9], filed pursuant to FED. R. CIV. P. 12(f). Defendant has timely responded in opposition [Doc. No. 10], and Plaintiff has replied [Doc. No. 11]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff brought the present action, individually and on behalf of a class of similarly situated persons, alleging unpaid overtime under the Fair Labor Standards Act and racial discrimination and retaliation under 42 U.S.C. § 1981. Defendant responded by filing an Answer [Doc. No. 8]. Plaintiff moves to strike the affirmative defenses set forth in paragraphs 3 and 4 of Defendant's Answer for noncompliance with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure. The defenses at issue allege:

> 3.  Plaintiffs' claims are barred and/or limited by the following doctrines: estoppel (legal and equitable), release, breach of duty or contract, default or other failure or misconduct of Plaintiff and/or other persons beyond the control of this Defendant, failure of conditions precedent,

>    payment, knowledge, acquiescence, consent, failure of consideration, failure to mitigate damages, waiver, accord and satisfaction, set off and/or Plaintiffs' rights and remedies are restricted and limited by agreement and statute.
>
> 4. [Defendant] reserves its right to amend its Answer and/or submit additional affirmative defenses as discovery is ongoing and facts material to its defense are developed.

*See* Answer at p. 4 [Doc. No. 8].

Defendant contends that Plaintiff cannot assert any specific prejudice if Defendant's affirmative defenses survive the motion to strike, and that striking any of the defenses is premature because written discovery has not been exchanged. In the alternative, Defendant seeks leave to amend its Answer to clarify its affirmative defenses.

## STANDARD OF DECISION

A district court is authorized to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "[S]triking an affirmative defense is considered a drastic remedy, and the court should only utilize the legal tool where the challenged allegations cannot succeed under any circumstances." *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1259 (D. Kan. 2011) (internal quotation marks and citation omitted). The "intent of Rule 12(f) is to minimize delay, prejudice, and confusion" early in the litigation. *Id.* However, Rule 12(f) motions "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some sort of significant prejudice to one or more of the parties to the action." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004) (footnotes omitted).

This Court has previously concluded that the *Twombly/Iqbal*[1] standard does not apply with the same force to affirmative defenses,[2] which are governed by FED. R. CIV. P. 8(b)(1)(A) and (c). *See also Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1259 (D. Kan. 2011) (also declining to extend the pleading standards of *Twombly* and *Iqbal* to affirmative defenses). "An abbreviated statement of the defense, considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes." *Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-397-HE, 2009 WL 10671291, at *1 (W.D. Okla. July 30, 2009). Nonetheless, the decision to grant a motion to strike rests within the sound discretion of the Court. *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994).

## DISCUSSION

The defensive matters raised by Defendant in paragraph 3 of its Answer are listed in shotgun fashion, and have no apparent applicability to the claims asserted. Further, they are affirmative defenses on which Defendant will bear the burden of proof. The Court finds that the possible relationship or connection of these defenses to the claims asserted in this case is not obvious or inferable from the pleadings, and there is sufficient prejudice

---

[1] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[2] The Tenth Circuit has not addressed whether the heightened pleading standards set forth in *Twombly* and *Iqbal* apply to affirmative defenses, and there is a split among district courts on the issue. However, this Court has consistently "concluded that the *Twombly/Iqbal* standard does not apply with the same force to affirmative defenses." *See Knighten v. Allstate Ins. Co.*, No. CIV-17-683-D, 2018 WL 718533, at *2, n.1 (W.D. Okla. Feb. 5, 2018); *Wilson v. Lady Di Food Groups Holding, LLC*, No. CIV-16-1424-D, 2017 WL 1458783, at *1 (W.D. Okla. April 24, 2017).

to Plaintiff from being required to spend time and effort searching for their potential applicability that they should be stricken. However, Defendant will be permitted to reassert any of these defenses in a more detailed manner, if it so chooses, within the time period for amendment of pleadings to be set at the scheduling conference to be held in the ordinary course.

Defendant's defense in paragraph 4 purports to "reserve[] its right to amend its Answer and/or submit additional affirmative defenses as discovery is ongoing and facts material to its defense are developed." *See* Answer at p. 4 [Doc. No. 8]. However, Defendant's ability to later add defenses through amendment of a pleading is governed by Rule 15, not by a reservation of rights. *See* FED. R. CIV. P. 15. Although Defendant asks in the alternative to amend its Answer, it has not complied with LCvR 15.1.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Certain Affirmative Defenses [Doc. No. 9] is **GRANTED**. Accordingly, Defendant's affirmative defenses listed in paragraphs 3 and 4 shall be **STRICKEN** from Defendant's Answer without prejudice to the later filing of a timely motion to amend its Answer, if appropriate, that complies with LCvR 15.1 and FED. R. CIV. P. 15.

**IT IS SO ORDERED** this 21st day of April 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge